IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02400-REB-CBS

TUAN TRAN,
    Plaintiff,
v.

ROBERT CLAYTON,
TIM FANDRICH, and
SUNGARD,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Tran's failure to appear at the April 16, 2007 Scheduling Conference. Pursuant to the Order of Reference dated December 1, 2006 (doc. # 2), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case and Analysis

    Proceeding *pro se*, Plaintiff Tran filed the instant action on November 30, 2006, alleging discrimination by a former employer on the basis of race in violation of Title VII, 42 U.S.C. § 2000e-2 et seq. (*See* "Title VII Complaint" (doc. # 1)). Plaintiff Tran is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, as he paid the filing fee in full on November 30, 2006. (*See* receipt (doc. # 1-3)).

    A Scheduling Conference was set by the court's Order dated December 5, 2006 (doc. # 3). A copy of the Order was mailed to Plaintiff Tran at 408 18th Street, Golden,

Colorado 80401, the address provided to the court by Plaintiff Tran. (*See* Complaint at pp. 1, 6; *see also* doc. # 6). The court's records indicate that Plaintiff Tran's copy of the Order was not returned to the court as undeliverable.

The court held the Scheduling Conference on February 21, 2007 at 10:00 a.m. Plaintiff Tran did not appear. Nor did Plaintiff Tran contact the court to explain his failure to appear. Pursuant to D.C. COLO. LCivR 41.1. of the Local Rules of Practice for the United States District Court for the District of Colorado, on February 22, 2007, the court issued an Order to Show Cause why the Complaint should not be dismissed for failure to appear at the February 21, 2007 Scheduling Conference, failure to prosecute this civil action, and failure to comply with the court's Order, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. The court warned Plaintiff Tran that failure to respond to the Order to Show Cause on or before March 8, 2007 may result in dismissal of the Complaint without further notice.

On March 8, 2007, Plaintiff Tran responded to the Order to Show Cause, indicating that he "will serve the summons and complain[t] by March 15th and will return the return service to the court showing the defend [sic] has been served by March 16th of 2007" and that "if you give me a chance to come back to present my case, I will make sure that I will be there on time . . . ." (*See* doc. # 6). In response to Plaintiff Tran's representations, the court set a second Scheduling Conference by a Minute Order dated March 12, 2007 (doc. # 7). A copy of the Minute Order was mailed to Plaintiff Tran at 408 18th Street, Golden, Colorado 80401, the address most recently used by Plaintiff Tran. (*See* doc. # 6). The court's records indicate that Plaintiff Tran's copy of the Minute Order was not returned to the court as undeliverable.

The court held a second Scheduling Conference on April 16, 2007 at 9:15 a.m. Plaintiff Tran did not appear and did not contact the court to explain his failure to appear.

For failure to appear at the February 21, 2007 and April 16, 2007 Scheduling Conferences, failure to prosecute this civil action, and failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure this reason, this civil action may properly be dismissed without prejudice.

To date, Plaintiff Tran has not filed proof of service of process on any of the Defendants. Rule 4 of the Federal Rules of Civil Procedure provides for service of the summons and complaint. Fed. R. Civ. P. 4(m) provides that

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

As of this date, Plaintiff Tran has not filed with the court proof of service on the Defendants and 137 days have passed since the filing of the Complaint. Without proof of service, the court lacks personal jurisdiction over the Defendants. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted). For failure to timely serve the Defendants, this civil action may properly be dismissed without prejudice.

II.     Explanation of Recommendation to Dismiss without Prejudice

The Tenth Circuit Court of Appeals has held that "when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 14999 (10th Cir. 1986). Here, the court recommends dismissal without prejudice. However, the statute of limitations may bar

refiling upon dismissal, even if the dismissal were stated to be without prejudice.

A.      Plaintiff Tran alleges that Defendants discriminated against him based on race (Asian) in violation of 42 U.S.C. § 2000e-5 ("Title VII"). (*See* Complaint at pp. 2, 3). Unless a Title VII plaintiff files suit within ninety days of receiving a right-to-sue notice from the EEOC, he or she is foreclosed from bringing suit on the allegations made in the EEOC Charge of Discrimination. 42 U.S.C. § 2000e-5(f)(1). *See also Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim filed under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter"). The 90-day time limit starts to run on the date the plaintiff receives the EEOC notice of right to sue. *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999).

The EEOC issued its Dismissal and Notice of Rights to Plaintiff Tran on August 31, 2006. (*See* Complaint (doc. # 1) at p. 7 of 7).[1] Plaintiff Tran alleges receipt of the EEOC right-to-sue notice on August 31, 2006. Plaintiff Tran filed this civil action on November 30, 2006, 91 days after the EEOC right-to-sue letter was mailed. As Title VII's statute of limitations may bar refiling even upon dismissal without prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the recommended sanction of dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1187 (10th Cir. 2002) ("dismissal as a

---

[1] "When the receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). The Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption" of receipt after mailing, *Lozano*, 258 F.3d at 1165, but has emphasized that this "presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).

sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under" *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria").

B.  The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, there has been minimal actual prejudice to the Defendants, as they have not yet been served in this civil action. Second, without proof of service, the court lacks personal jurisdiction over the Defendants and judicial resources have been expended on setting, resetting, and monitoring this civil action. Third, the record does not reveal that anyone other than Plaintiff Tran is culpable for his failure to effect service on the Defendants and his failure to appear at the Scheduling Conferences held on February 21, 2007 and April 16, 2007. Plaintiff Tran has not alleged that he is unable to perform his obligations as the Plaintiff in this case. Fourth, Plaintiff Tran was fully warned of the possibility of dismissal for failure to effect service, failure to appear at the February 21, 2007 Scheduling Conference, failure to prosecute this civil action, and failure to comply with the court's Order, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. Fifth, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on Plaintiff Tran, who has already failed to appear at the February 21, 2007 and

April 16, 2007 Scheduling Conferences, failed to effect service, failed to prosecute this civil action, and failed to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

The court further notes that Plaintiff Tran fails to state a claim for relief against two of the Defendants. In his Complaint, Plaintiff Tran has sued two individual Defendants for violation of Title VII. Title VII does not create liability against individual supervisors who do not otherwise qualify as employers under the statutory definition. *See Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (noting reasons for precluding individual supervisor liability under Title VII apply equally to ADA); *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir. 1995) (individual county commissioners could not be considered plaintiff's employer and therefore could not be held liable under the ADEA or Title VII); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("it is inconceivable that Congress intended to allow civil liability [under Title VII and the ADEA] to run against individual employees"). Thus, Plaintiff Tran fails to state a claim against the individual Defendants.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants and pursuant to D.C. COLO. LCivR 41.1 for failure to appear at the February 21, 2007 and April 16, 2007 Scheduling Conferences, failure to prosecute this civil action, and failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to

7

appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 17th day of April, 2007.

BY THE COURT:

    s/Craig B. Shaffer    
United States Magistrate Judge